J-S48010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KURT A. WINS | : | |
| | : | |
| Appellant | : | No. 684 EDA 2024 |

Appeal from the PCRA Order Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000822-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KURT A. WINS | : | |
| | : | |
| Appellant | : | No. 685 EDA 2024 |

Appeal from the PCRA Order Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000823-2020

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED APRIL 21, 2025**

In these consolidated appeals, Kurt A. Wins (Appellant) seeks review of orders entered by the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition for postconviction relief. Following a jury trial, Appellant was found guilty in the two above-captioned cases of several offenses stemming from two assaults on his ex-girlfriend. He was sentenced to an aggregate prison term of six to 15 years, and the judgments of sentence

were affirmed on direct appeal. Appellant timely filed a petition pursuant to the Post Conviction Relief Act (PCRA) 42 Pa.C.S.A. §§ 9541-9546, which was denied without a hearing. He now contends that the PCRA court abused its discretion in denying his petition because his trial counsel was ineffective; the Commonwealth withheld exculpatory alibi evidence; Appellant has discovered new evidence that officers involved with his underlying cases had committed acts of professional misconduct; and an evidentiary hearing was erroneously denied. We affirm.

The facts of the Appellant's underlying cases have been previously summarized as follows:

Nadia Butler was married to Appellant in May of 2019. They had been together for about two years prior to the marriage. After the marriage they were together for approximately nine months, before separating, then briefly getting back together. They have only one child together, [who Ms. Butler was seven months pregnant with at the time the events for which Appellant was charged took place] . . . . They were . . . divorced by early January 2020.

Around New Year's 2020, Ms. Butler received a call from a woman she knows as Latoya, who she described as Appellant's godmother or "play mom." On January 3, 2020, Ms. Butler went to Latoya's home on Bouvier Street in Philadelphia. As Ms. Butler came around the corner near Latoya's [residence], she spotted Appellant sitting on the steps, talking on the phone. As Ms. Butler turned to leave, Appellant grabbed her by the hair and punched her in the face.

At that point a woman named [Jahneeva Weems], . . . then-current girlfriend of Appellant, arrived on the scene in a vehicle. She jumped out and joined Appellant in hitting Ms. Butler, including holding Ms. Butler down as Appellant repeatedly kicked her in the stomach . . . . As Appellant was kicking Ms. Butler, he threat[en]ed to kill her and her baby. Appellant had a gun, with

which he struck Ms. Butler in the face. At one point a bystander attempted to intervene and assisted Ms. Butler. During the incident, Appellant took Ms. Butler's pocketbook, money, and various cards and identification.

At some point[,] Officer Brandon Dugan responded to a radio call and met Ms. Butler at West Erie and North Bouvier. He observed her to be very distraught and upset. He observed visible marks under and around her right eye . . . . Ms. Butler subsequently spoke with [Detective Curtis Matthews who] took photographs of Ms. Butler's injuries, including of abrasions on her belly.

On January 8, 2020, Ms. Butler was leaving a girlfriend's house, headed toward her grandmother's [home], when she encountered Appellant at the intersection of Erie and Bouvier in Philadelphia, at about 1:00 AM. Appellant came up behind Ms. Butler, grabbed her by the hair, swung her around by her hair, struck her in the head with a gun, and struck her repeatedly in the face and upper body. Appellant then threat[en]ed to kill Ms. Butler. . . . Ms. Butler broke free and was running away when she heard two gunshots. She then felt the bullet which grazed her leg.

Following the incident Ms. Butler met with Police Officer Shawn Ciaurro, who responded to the scene based on a radio call. Ms. Butler told the officer she had been hit in the head. After speaking with Ms. Butler, Officer Ciaurro transported her to the Detective Division, where she met with Detective [William] Lackman. The detective took photographs of some of her injuries. Ms. Butler told Detective Lackman about Appellant possessing a gun and a shot being fired, as a result of which he canvassed the scene looking for evidence of a gunshot. Either before or after meeting with Detective Lackman, Ms. Butler went to Temple Hospital where she was examined, treated and released. The medical records show that at Temple Ms. Butler complained that she had been pistol-whipped, hit in the head, and fell on her wrist and knee. The medical examination showed positive for headaches and loss of consciousness, no facial trauma or abrasions, no other abrasions or lacerations.

[Sometime after the second incident [Ms. Butler] obtained a protection from abuse order against Appellant.] On January 20, 2020, Police Officer Donald Pancoast went to a house on North Bouvier Street to serve [the] protection from abuse order. When he arrived at the scene Officer Pancoast spoke to a woman who confirmed that Appellant was present. The officer saw Appellant

and proceeded to enter the house, at which time Appellant ran down the steps into the basement. When Appellant came back upstairs after a minute or two, he was taken into custody.

***Commonwealth v. Wins***, Nos. 2134 EDA 2021, 2135 EDA 2021 (Pa. Super. filed December 9, 2022 (Pa. Super. 2022) (unpublished memorandum) (quoting trial court's factual summary).

In the case docketed at CP-51-CR-000822-2020 ("the January 3rd incident"), Appellant was charged with aggravated assault; conspiracy; theft by unlawful taking; simple assault; and aggravated assault of an unborn child. In the case docketed at CP-51-CR-000823-2010 ("the January 8th incident"), he was charged with aggravated assault; robbery; possession of a firearm prohibited; firearms not to be carried without a license; carrying firearms in public in Philadelphia theft by unlawful taking; terroristic threats; simple assault; and recklessly endangering another person.

On August 3, 2021, Appellant proceeded to a jury trial on both cases. For the January 3rd incident, he was found guilty of one count each of aggravated assault; conspiracy to commit aggravated assault; theft by unlawful taking; and simple assault.  Appellant was found not guilty of one count of aggravated assault of an unborn child.

For the January 8th incident, Appellant was found guilty of one count each of simple assault and recklessly endangering another person.  He was found not guilty of aggravated assault; robbery; possession of firearm prohibited; firearms not to be carried without a license; carrying firearms in

public in Philadelphia; theft by unlawful taking; receiving stolen property; and terroristic threats with intent to terrorize another. On October 8, 2021, Appellant was sentenced as outlined above.

In his direct appeal, Appellant ostensibly sought review of the judgments of sentence entered at both docket numbers. However, all of his appellate claims related to the offenses committed during the January 3rd incident (CP-51-CR-000822-20200). He argued in pertinent part that the evidence was legally insufficient to sustain the convictions in that case.

This Court found no merit in the sufficiency claim, explaining that "the evidence, viewed in the light most favorable to the Commonwealth, overwhelmingly supports [Appellant's] aggravated assault, conspiracy to commit aggravated assault, and theft convictions" because a reasonable fact finder could have credited the victim's testimony. **Id**., at *4; **see also id.** (finding the evidence sufficient to sustain the other counts). The judgment of sentence that resulted from the January 3rd incident was therefore affirmed. The judgment of sentence that resulted from the January 8th incident was also affirmed "without further discussion" due to Appellant's failure to make any claims or arguments pertaining to that case. **See id**., at *2 n.1.

On April 3, 2023, Appellant filed a *pro se* PCRA petition, which was later amended with the aid of counsel. Appellant asserted in the petition that (1) trial counsel's failure to raise a weight of evidence claim constituted ineffectiveness for the purposes of the PCRA; (2) the Commonwealth violated

*Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing the workplace time report of his former girlfriend, Jahneeva Weems, an alleged accomplice; and (3) a belated disclosure by the Philadelphia District Attorney's Office that two police sergeants who had reviewed detectives' reports in Appellant's cases had been disciplined for misconduct, constituting exculpatory after-discovered evidence under the PCRA.

On January 29, 2024, the PCRA court entered a notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907(1), because Appellant had not demonstrated the existence of any genuine issues of material fact. Appellant did not timely file a response to the notice within 20 days of its entry,[1] and the PCRA court then dismissed the petition on March 1, 2024.

The PCRA court reasoned that (1) Appellant's ineffectiveness claim failed because his underlying discretionary challenge to the weight of the evidence lacked merit; (2) Appellant made no showing or offer of proof that the Commonwealth had suppressed the time report of his alleged accomplice, Weems; and (3) Appellant failed to show that the unrelated misconduct for which the police officers had been disciplined had any effect on the outcome of Appellant's trial. *See* PCRA Court Order, 3/1/2024, at 1 n.1.

---

[1] Appellant filed a response to the Rule 907 notice on February 29, 2024, which was beyond the period allowed by Pa.R.Crim.P. 907 (allowing petitioner 20 days to file a response to a notice of intent to dismiss a PCRA petition).

Appellant timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925. In his brief, Appellant now asserts several claims which, for ease of disposition, we condense into the following issues:

> 1. Whether trial counsel was ineffective for failing to assert in a post-sentence motion that the verdict was against the weight of the evidence;
>
> 2. Whether the Commonwealth committed a **Brady** violation by suppressing alibi evidence that Appellant's girlfriend, Weems, was at work at the time Appellant and Weems were alleged to have assaulted the victim on January 3, 2020;
>
> 3. Whether the PCRA court erred in denying Appellant's claim of after-discovered evidence based on the misconduct of officers who had been assigned to his case; and
>
> 4. Whether the PCRA court erred in dismissing Appellant's PCRA petition without an evidentiary hearing.

**See** Appellant's Brief, at 9 (numbering added).

Appellant's first claim is that trial counsel performed ineffectively by not filing a post-sentence motion asserting that the jury's verdict was against the weight of the evidence.

On review of an order dismissing a PCRA petition, this Court "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019). Consistent with that standard, this Court is bound by the PCRA court's credibility determinations as long as they are supported by the record. **See id**. However, the PCRA court's legal conclusions are subject to a *de novo* standard of review. **See id**.

At the postconviction stage, counsel is presumed to have been effective. *See Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012). A PCRA petitioner has the burden of proving by a preponderance of the evidence all three prongs of an ineffectiveness claim:

> (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Id*., at 1033 (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007)). A claim has arguable merit for the purposes of the PCRA "where the factual averments, if accurate, could establish cause for relief." *Id*. (quoting *Commonwealth v. Stewart*, 85 A.3d 701, 707 (Pa. Super. 2013)). Counsel cannot be found ineffective for failing to raise a meritless claim. *See Sepulveda*, 55 A.3d at 1117.

When a post-sentence motion for a new trial has been filed, the role of the trial court is to "determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or given them equal weight with all the facts is to deny justice.'" *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000)). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id*. (quoting *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)).

On review of a trial court's denial of a weight of the evidence claim, an appellate court must consider not "the underlying question of whether the verdict is against the weight of the evidence," but rather whether the trial court abused its discretion. *Id*. (quoting *Widmer*, 744 A.2d at 753). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*. (quoting *Widmer*, 744 A.2d at 753)). An abuse of discretion in this context means "where the course pursued [by the trial court] represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows the action is a result of partiality, prejudice, bias or ill-will." *Id*. (quoting *Widmer*, 744 A.2d at 753).

In the present case, we find that the PCRA court did not abuse its discretion in denying Appellant's ineffectiveness claim, as it lacks underlying merit. That is, trial counsel could not have been ineffective for failing to assert that the verdict was against the weight of the evidence because a motion for a new trial on that ground would not have been availing.

Appellant has argued, essentially, that a weight of evidence challenge would have been meritorious, as the victim's testimony was shown to be inconsistent and biased. Appellant describes the victim as "obviously mad and bitter," reasoning that she was motivated to testify only to "get him in trouble"

out of revenge for spurning her affections. Appellant's Brief, at 20. He also contends that there was no physical evidence linking him to the victim's injuries; that the criminal case against his alleged accomplice, Weems, was dismissed; and that the victim did not immediately seek medical treatment for her injuries, suggesting that she was trying to hide what had truly caused them. *See id*.

These grounds are not persuasive because any inconsistencies in the evidence or in the testimony of the victim in this case was a matter for the finder of fact to resolve. *See Commonwealth v. Smith*, 181 A.3d 1168, 1187 (Pa. Super. 2018). And had Appellant's trial counsel raised a weight of the evidence challenge on his behalf, the trial court would have denied it; on direct appeal, the denial would have then been subject to a stringent abuse of discretion standard of review. *See Widmer*, 744 A.2d at 753. Although this Court found on direct appeal that trial counsel had waived a weight of the evidence challenge, the trial court had considered the merit of such a claim in its 1925(a) opinion and indicated that such a motion would have been denied if it had been properly raised:

> As noted above, Pennsylvania law is clear that a conviction may be based on the uncorroborated testimony of a single witness. Thus, the testimony of the [victim] alone was sufficient to support the conviction. Again, assuming that there were contradictions or conflicts in the testimony, it is the role of the factfinder "to weigh the evidence and resolve conflicts therein."
>
> Here, the jury carefully weighed the evidence and rejected some of the testimony in finding Appellant not guilty of some of the charges. Presumably these verdicts were based on inconsistencies

> between the [victim's] testimony as to her injuries and the objective evidence of her medical records and police observations as to those injuries. Nonetheless, the jury clearly credited the [victim's] testimony as to Appellant's conduct in reaching its verdicts. Having observed the [victim], and considering the jury's reasonable parsing of the evidence in reaching its verdicts, the Court's conscience is not at all shocked by those verdicts. To the contrary, the verdicts are consistent with the weight of the evidence.

Trial Court 1925(a) Opinion, 4/8/2022, at 8-9 (internal citations omitted).

Had trial counsel preserved this weight claim, it would have certainly been upheld on direct appeal, as the trial court would have been well within its discretion to deny a post-sentence motion on that ground. Accordingly, since the underlying legal issue lacks merit and would not have afforded Appellant relief, his trial counsel could not have been ineffective for failing to raise the weight challenge, and the PCRA court did not err in dismissing Appellant's ineffectiveness claim. *See Sepulveda*, 55 A.3d at 1117 (Trial counsel cannot be found ineffective for failing to raise a meritless issue).

Appellant's second claim in this appeal is that the Commonwealth committed a *Brady* violation by suppressing evidence that Appellant's girlfriend, Jahneeva Weems, was at work at the time Appellant and Weems were alleged to have assaulted the victim. More specifically, Appellant argues that, at the time of trial, the Commonwealth withheld from the defense Weems' timesheets from her place of work, proving that she was not present at the time Weems and Appellant had allegedly beaten the victim on January

3, 2020. Appellant attempts to corroborate this claim by emphasizing that the criminal case against Weems was dismissed before it went to trial.

Under **Brady**, the prosecution has an ongoing obligation to disclose to the defense evidence that is favorable to the accused. **See generally Commonwealth v. Lambert**, 884 A.2d 848, 853-54 (Pa. 2005); **see also Brady**, **supra**. "[T]here are three necessary components that demonstrate a violation of the **Brady** strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." **Lambert**, 884 A.2d at 853-54.

A substantive claim of a **Brady** violation may be cognizable under the PCRA at the postconviction stage. **See Commonwealth v. Williams**, 86 A.3d 771, 788 (Pa. 2014). However, **Brady** "does not govern the question of the scope of discovery under the PCRA." **Id**. It is presumed that the Commonwealth has complied with its continuing **Brady** obligations, and there is "no specific right in the defendant to review the Commonwealth's file to see, for example, if he agrees with the Commonwealth's assessment and representation" that all **Brady** material has been produced. **Id**.

The "right to PCRA discovery is governed by [Pa.R.Crim.P. 902(E),] not by **Brady**." **Id**. at 789. This rule provides that, except in first counseled petitions in death penalty cases, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional

circumstances." Pa.R.Crim.P. 902(E)(1). Whether exceptional circumstances exist is a determination that is made in the PCRA court's discretion. *See Commonwealth v. Wharton*, 263 A.3d 561, 573 (Pa. 2021).

"[M]ere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery." *Commonwealth v. Frey*, 41 A.3d 605, 612 (Pa. Super. 2012). "Instead, discovery requests in the PCRA setting must be accompanied by an explanation why the exculpatory information was unavailable to prior counsel and must identify specific documents or items that were not disclosed pre-trial or during the trial proceedings." *Commonwealth v. Tedford*, 228 A.3d 891, 909 (Pa. 2020).

Here, Appellant alleged that, after his trial, he obtained a printout reflecting Weems' work hours at a Philadelphia bar, with a shift on January 3, 2020, ending at about 3:47 p.m. According to Appellant, this report showed that Weems could not have been present at the scene of the January 3, 2020, attack on the victim several miles away, as the victim had estimated that the attack on that date took place at about 3:30 or 3:45 p.m.

We find that the PCRA court did not abuse its discretion in denying Appellant's *Brady* claim because, as the PCRA court reasoned, "[t]here is no evidence presented or proffered that the Commonwealth possessed or suppressed evidence regarding the co-perpetrator's work timesheet, showing her at a different location at the time the conduct was alleged to have

occurred." PCRA Court Order, 3/4/2024, at 1 n.1; *see also Commonwealth v. Miller*, 212 A.3d 1114, 1126 (Pa. Super. 2019) ("Even if this evidence constituted impeachment evidence, our review of the record supports the PCRA court's finding that the Commonwealth did not have the medical records in its possession at the time of [defendant's] trial. Because the Commonwealth did not possess the evidence, it could not suppress the evidence, willfully or inadvertently.").

In his brief, Appellant argues only that a *Brady* violation occurred because this evidence was not provided to the defense by the prosecution prior to Appellant's trial. But that fact alone does not alone establish a *Brady* violation, as it must be shown that the prosecution had such evidence in its possession at the time of trial and nevertheless failed to disclose it. Neither Appellant's PCRA petition, nor his brief, outline how Appellant obtained this evidence, or why he believes the Commonwealth possessed it at the relevant times.

Appellant seems to link this evidence with the fact that the case against Weems was dismissed. However, the record does not support that inference. According to the Philadelphia County docket, Weems' criminal case was dismissed on October 9, 2020. This was over two months after Appellant's trial, which would appear to be inconsistent with Appellant's contention that the Commonwealth possessed and withheld the evidence from Appellant at

the relevant times.[2] Further, the docket reflects that the dismissal of Weems' criminal case resulted from "no contact with [the] witness," rather than any exonerating evidence. **See** Commonwealth Motion to Dismiss PCRA Petition, 10/19/2023, at Exhibit A. Thus, we uphold the PCRA court's denial of Appellant's **Brady** claim, as Appellant did not assert facts showing that a **Brady** violation had occurred, and no relief was due on that ground.

Appellant's third claim is that the PCRA court erred in denying a new trial based on after-discovered evidence that two officers involved in his underlying criminal cases had been implicated in instances of professional misconduct.

After-discovered evidence is a recognized ground for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi). Relief may be granted on this ground when the petitioner can "demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." **Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008); **see also Commonwealth v.**

---

[2] Appellant seems to suggest that the Commonwealth only dismissed Weems' case upon learning of her timesheets, concluding that this alibi evidence proved her innocence. But if the Commonwealth only learned of this evidence at the time it dismissed Weems' case, it logically follows that the Commonwealth did *not* know about the evidence two months earlier, when Appellant's trial took place.

*Crumbley*, 270 A.3d 1171, 1178 (Pa. Super. 2022). Failure to satisfy any single part of this test "is fatal to the claim." *Crumbley*, 270 A.3d at 1178.

Here, the Commonwealth disclosed to Appellant on June 6, 2023, that two officers involved in his case had been disciplined for misconduct in unrelated matters. According to Appellant,

> Sergeant Corbett was the subject of allegations of physical and verbal abuse, both of which were sustained. Sergeant Corbett was also found to be in violation of disciplinary codes when he made false statements in response to an official departmental investigation and acted in disobedience of orders. Sergeant Aryes was the subject of an internal affairs investigation into an incident regarding excessive use of force.

Appellant's PCRA Petition, 7/20/2023, at 20.

The PCRA court found that the misconduct of these officers did not warrant a new trial because neither of them testified at any of the proceedings in Appellant's cases, and their conduct in Appellant's cases "was limited to review of witness interviews taken by other detectives, [and] was not relevant to any issue at trial." *See* PCRA Court Order, 3/1/2024, at 1 n.1.

We agree with the PCRA court's assessment of this claim, finding no abuse of discretion in the denial of the claim. It is well established that evidence of a police witness's misconduct in other unrelated cases – even where the witness testifies against the accused – does not satisfy the requirements for a new trial based on after-discovered evidence. *See Commonwealth v. Johnson*, 179 A.3d 1105, 1122-13 (Pa. Super. 2018) (affirming denial of PCRA after-discovered evidence claim based on criminal

convictions of police detective who testified at defendant's trial and was involved in questioning a witness who identified the defendant, where convictions occurred years after defendant's trial and arose out of conduct in an unrelated case); ***Commonwealth v. Foreman***, 55 A.3d 532, 534-37 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim based on criminal charges against police detective who testified at defendant's trial, where charges arose out of conduct in an unrelated case that occurred more than two years after petitioner's trial); ***see also Commonwealth v. Griffin***, 137 A.3d 605, 610 (Pa. Super. 2016) (reversing grant of new trial based on after-discovered evidence of misconduct of police officer who testified at defendant's trial where alleged misconduct was in unrelated case); ***Commonwealth v. Brown***, 134 A.3d 1097, 1108-09 (Pa. Super. 2016) (rejecting after-discovered evidence claim based on interrogating police detectives' misconduct in unrelated cases).

Moreover, Appellant cannot satisfy the requirement for an after-discovered evidence claim that the new evidence would likely result in a different verdict. The misconduct of Sergeant Corbett and Sergeant Aryes had nothing to do with the evidence against Appellant at his trial. ***See Johnson***, 179 A.3d at 1123 (evidence of police detective's conviction would not lead to different verdict because "there is no evidence the former detective did anything inappropriate in the instant matter"); ***Foreman***, 55 A.3d at 537-38 (evidence of police detective's misconduct would not lead to different

verdict because no nexus was shown between defendant's case and the misconduct that occurred two years later). Even if Appellant were permitted to discredit these officers based on their misconduct, it would have no impact on the evidence of Appellant's guilt or innocence. Thus, the PCRA court's denial of this claim must be upheld.

Appellant's fourth and final claim is that the PCRA court erred in dismissing his petition without an evidentiary hearing.

The right to an evidentiary hearing is not absolute; a PCRA court must hold such a hearing when the facts alleged in the postconviction petition, if proven, would entitle the petitioner to relief. *See Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019). A PCRA petitioner who challenges the dismissal of his claims without a hearing must therefore show that "he raised a genuine issue of fact, which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id*.; *see also* Pa.R.Crim.P. 907(1).

Upon review, we find that the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing is supported by the record and free from legal error. As explained above, an evidentiary hearing is intended for the presentation of evidence, and not to be used as a fishing expedition for the potential discovery of evidence. *See Commonwealth v. Castro*, 93 A.3d 818, 828 (Pa. 2014). Appellant's PCRA claims, as alleged, do not raise any genuine issue of fact, making an evidentiary hearing

unwarranted.  The PCRA court's refusal to grant a hearing was well within its discretion, and the orders dismissing Appellant's PCRA petition must therefore be upheld.

Orders affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025